'08 CIV 4467

Lee Bantle (LB-7036)
BANTLE & LEVY LLP
817 Broadway
New York, New York 10003
(212) 228-9666
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

NELSON GONZALEZ,

       Plaintiff,

  -against-

THE ULANOV PARTNERSHIP, INC.,
and NICHOLAS ULANOV,

       Defendants.

----------------------------------------------------------x

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

[RECEIVED MAY 13 2008 U.S.D.C. S.D.N.Y. CASHIERS stamp]

  Plaintiff, by his attorneys, Bantle & Levy LLP, as and for his complaint against defendants, alleges as follows:

## NATURE OF THE ACTION

  1. This is an action for breach of contract, for violations of New York State Labor Law §190, et. seq. and for quantum meruit arising from defendants' wilful failure to pay wages and bonuses due and owing to plaintiff and to reimburse plaintiff for business expenses he incurred in the course of his employment.

## JURISDICTION AND VENUE

  2. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds a value of $75,000 and because the plaintiff and

defendants are citizens of different states.

3. The matter in controversy herein exceeds the sum of $75,000, exclusive of interests and costs. Plaintiff is owed at least $43,202.44 in unpaid wages and bonuses. Pursuant to New York State Labor Law §198, he is entitled to $10,800.61 in liquidated damages for wilful nonpayment, totaling $54,003.05. Plaintiff is owed another $23,093.41 in business expenses which remain unreimbursed by defendants. Plaintiff also claims legal fees, expected to be in excess of $15,000, pursuant to New York State Labor Law §198. Plaintiff's accumulated claim is at least $92,096.46.

4. A substantial part of the events giving rise to the claims occurred within the district of the United States District Court, Southern District of New York, and venue is properly lodged in this Court pursuant to 28 U.S.C. §1391(b). While employed full-time by defendants, plaintiff worked primarily in New York County. A substantial portion of the services for which plaintiff remains unpaid were performed in New York County.

## PARTIES

5. Plaintiff Nelson Gonzalez resides at 1850 Gough Street, Apt. 504, San Francisco, CA, 94109.

6. Upon information and belief, defendant The Ulanov Partnership, Inc. ("UP"), is a foreign corporation formed and existing under the laws of the State of Delaware, with its principal place of business at 210 Harrison Street, Princeton, New Jersey, 08540.

7. Upon information and belief, defendant Nicholas Ulanov ("Ulanov") is the owner of UP, and resides at 210 Harrison Street, Princeton, New Jersey, 08540.

8. UP is a small strategy consulting firm that advises non-profit, public sector and philanthropic institutions.

9. Ulanov exercised such control over UP that UP was a mere instrumentality of Ulanov thus allowing the corporate veil to be pierced.

10. Ulanov exercised sole control over the decision-making of UP.

11. Upon information and belief, UP had no board of directors and did not hold board meetings.

12. UP was grossly undercapitalized.

13. Upon information and belief, transfers of capital in and out of UP's bank account were often dictated by Ulanov's personal needs.

14. The U.S. headquarters of UP is in Ulanov's New Jersey residence.

15. Upon information and belief, Ulanov used UP employees to pursue personal projects which had nothing to do with the firm or its business.

## STATEMENT OF FACTS

16. In 1997, plaintiff commenced employment with UP as a full time W-2 employee. His title was consultant. He continued his employment with UP on either a full-time or part-time basis until his voluntary resignation in October 2006.

17. Ulanov acting in his capacity as owner of UP promised to pay plaintiff an annual salary and held out the possibility of performance bonuses.

18. Throughout his tenure, plaintiff fully performed his duties, executed high level projects, and brought in more than $800,000 worth of business to UP.

19. In June of 2000, Ulanov awarded plaintiff a $20,000 performance bonus. Of this amount, $5000 remains unpaid to date.

20. Beginning in January, 2003, plaintiff began working part-time for UP in order to leave him time to pursue a graduate degree.

21. Ulanov and plaintiff agreed that Plaintiff would work one day a week while pursuing his degree and that he would be compensated in the amount of 25% of his original salary.

22. Plaintiff worked under this part-time arrangement from January 2003 to November 2005, although in actuality, plaintiff worked about 75% of his normal full-time hours during this period.

23. In June of 2003, Plaintiff was awarded a $12,500 performance bonus. Of this amount, $10,700 remains unpaid.

24. Despite providing valuable services to defendants, Plaintiff was not paid his salary for the last four months of his part-time tenure in an amount totaling $12,500.00.

25. In November 2005, plaintiff resumed working full-time at UP at an agreed upon annual salary of $150,000.

26. Following plaintiff's return to full-time work, UP failed to pay him salary in the amount of $15,002.44.

27. In October, 2006, due to UP's failure to pay him salary and bonuses which were due and owing and to reimburse him for his business expenses, plaintiff resigned from his position at UP. Plaintiff gave thirty days notice of his resignation.

28. At the time of his resignation, plaintiff was told by Ulanov that he would be paid the salary, bonuses and expense reimbursements he was owed.

29. During the course of his employment at UP, plaintiff incurred business expenses for travel, lodging, cell phone, and other items. Plaintiff charged these expenses to his personal credit cards because UP did not provide Plaintiff with a corporate card. Ulanov told plaintiff he would be reimbursed for these expenses.

30. Plaintiff submitted monthly accountings of the expenses for which he was entitled to be reimbursed.

31. At the time plaintiff resigned his employment at UP, he was owed $23,093.41 in expense reimbursements. None of these expenses have been reimbursed to date.

32. Despite due demand by plaintiff, UP and Ulanov have refused to make payment of the wages, bonuses and expense reimbursements due and owing plaintiff.

## COUNT I

33. Plaintiff repeats and realleges the allegations in paragraphs 1 through 32.

34. In failing to pay plaintiff the wages, bonuses and expenses which he was promised, defendants have breached their agreement with plaintiff.

35. As a result of defendants' breach, plaintiff has suffered damage, including, without limitation, deprivation of wages, bonuses and expenses, in an amount exceeding $66,295.85.

## COUNT II

36. Plaintiff repeats and realleges the allegations in paragraphs 1 through 32.

37. Defendants have failed to pay plaintiff wages and bonuses in the amount of $43,202.44.

38. Defendants' failure to pay plaintiff is wilful and intentional.

39. Defendants' failure to pay plaintiff wages and bonuses violates New York State Labor Law Section 198.

40. As a result of defendants' willful refusal and failure to pay plaintiff his wages and bonuses, plaintiff is entitled, pursuant to New York Labor Law §198, to his costs and attorneys'

fees in this action, expected to be in excess of $15,000, as well as 25% liquidated damages, amounting to $10,800.61.

41. As a result of their violations of New York State Labor Law, defendants owe plaintiff at least $69,000.

## COUNT III

42. Plaintiff repeats and realleges the allegations in paragraphs 1 through 32, above.

43. Plaintiff rendered services on behalf of defendants for the period 2005 to 2006.

44. Defendants accepted and benefitted from plaintiff's services, including plaintiff's use of personal assets to pay for defendants' expenses.

45. Defendants have not adequately compensated plaintiff for the value of those services and expenses.

46. As a result of defendants' aforesaid conduct, they have been unjustly enriched and plaintiff demands judgment against defendants in the amount of at least $66,295.85.

**WHEREFORE**, plaintiff respectfully requests that the Court:

(a) award plaintiff judgment on his claims, plus liquidated damages and interest;

(b) award plaintiff his costs and attorneys' fees incurred in this action; and

(c) grant plaintiff such other and further relief as the Court may deem just and reasonable.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action.

Dated: May 12, 2008
       New York, New York

BANTLE & LEVY LLP

By: /s/ Lee F. Bantle
Lee Bantle (LB- 7036)

817 Broadway
New York, New York 10003
Attorneys for Plaintiff