# BANTLE & LEVY LLP

ATTORNEYS AT LAW

817 BROADWAY

NEW YORK, NEW YORK 10003

ROBERT L. LEVY
LEE F. BANTLE

TEL 212.228.9666
FAX 212.228.7654

August 5, 2008

*VIA FAX*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-5-08
```

The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007-1312

Re:   Nelson Gonzalez v. The Ulanov Partnership, Inc.,
      and Nicholas Ulanov 08 Civ. 4467 (VM)

Dear Judge Marrero:

We represent plaintiff in this action which asserts claims against defendants for unpaid wages and bonuses, and unreimbursed business expenses. Defendants have responded to the complaint by filing a combined Rule 12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment. We write: (1) to seek an extension of time to respond to the motion; and (2) to request that the Court strike defendants' combined motion with leave to refile a Rule 12(b)(6) motion to dismiss.

Plaintiff's responding papers are currently due on August 11. The parties have agreed on a revised briefing schedule as follows: plaintiff's responding papers are due on August 25 and defendants' reply is due on September 12.

Plaintiff also requests that the Court strike the combined motion, with leave to refile solely a motion to dismiss. There has been no answer to the complaint, no discovery, and no request, pursuant to Court rules, for a pre-motion conference prior to submitting a motion for summary judgment.

Defendants' combined motion includes an 11-page affidavit from the individual defendant, 22 exhibits, and a statement of 50 allegedly undisputed facts. The motion asks the Court to decide numerous issues upon which the parties disagree, including: (1) the dates (for

**BANTLE & LEVY LLP**

statute of limitations purposes) on which bonuses were to be paid to plaintiff under an oral agreement; (2) whether plaintiff breached his performance obligations; (3) whether plaintiff was an employee or an independent contractor; (4) whether defendants paid to plaintiff a portion of the wages he seeks to recover; and (5) whether plaintiff's business expenses are legitimate and properly reimbursable under company policy. None of these issues is resolvable now, particularly not based on a one-sided submission of documents which are in the exclusive control of defendants.

To allow defendants to go forward with their current combined motion would inevitably burden the plaintiff unfairly and waste judicial resources. As such, we request relief from the Court.

Respectfully,

Bantle & Levy LLP

By: /s/ Lee F. Bantle
Lee F. Bantle
(LB-7036)

cc: Lance G. Gotko, Esq. (via fax)
Attorney for defendants

> Request GRANTED. The time for plaintiff to respond to defendants' motion to dismiss in extended to 8-29-08; defendants' reply to 9-12-08. Defendants' motion for summary judgment at this stage of the litigation, prior to answer and discovery, appears premature, and will only invite further motion practice through requests for discovery pursuant to Fed. R. Civ. 56(f).
> SO ORDERED:
> 8-5-08
> DATE    VICTOR MARRERO, U.S.D.J.