FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP    (WED) 8. 6' 08 17:07/ST. 17:06/NO. 4863218569 P  1

# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
PAUL J. FISHMAN
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
ANDREW W. SCHILLING
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER

1633 BROADWAY
NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1115

WRITER'S DIRECT FAX
(212) 373-7915

E-MAIL
LGOTKO@FKLAW.COM

HARVEY WEISSBARD
NORMAN ALPERT
ANDREW A. QUARTNER
   COUNSEL

LISA S. GETSON
ASAF REINDEL
JOHN N. ORSINI
JEFFREY R. WANG
MYRIAM FORD
SHIRA D. WEINER
CHAD M. LEICHT
JASON C. RUBINSTEIN
JONATHAN GOTTFRIED
BARBARA GRAVES-POLLER
MICHAEL A. GORDON
DANYA SHOCAIR REDA
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
NIKETH VELAMOOR
LILI ZANDPOUR
DANIEL R. GREENBERG
DAVID N. SLARSKEY
KEVIN S. HAEBERLE
SHEELA V. PAI
AMY LURIA
DANIEL IAN MEE
CHRISTOPHER WIMMER
JENNIFER P. KRAKOWSKY
NETANEL PINHASOV

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

August 6, 2008

**BY FACSIMILE**

Honorable Victor Marerro
United States District Judge
United State District Court for the Southern District of New York
500 Pearl Street, Suite 660
New York NY 10007-1312

      Re:  *Nelson Gonzalez v. The Ulanov Partnership, Inc., et al.,*
            *08 Civ. 4467 (VM)*

Dear Judge Marrero:

      I write in response to yesterday's letter to the Court from counsel for plaintiff, and the Court's order by endorsed memorandum.

      Defendants are, of course, mindful of the Court's experience in managing the actions pending before it. Accordingly, if the Court remains of the view that no part of defendants' summary judgment motion would be useful at this time, we will heed the Court's guidance and wait until a later time to move for summary judgment. But because defendants believe that considerable chaff in this relatively simple action can be readily and profitably disposed of at this time,[1] we respectfully ask the Court to permit

---

[1] A defendant "may, at any time, move with or without supporting affidavits for a summary judgment," Fed. R. Civ. P. 56(b), and "Rule 56 does not require that any discovery take place before a motion for summary judgment can be granted." 11 MOORE'S FEDERAL PRACTICE § 56.10[8][a] at p.56-80.2 (2008). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548,

635216.3

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**

Honorable Victor Marerro            - 2 -                    August 6, 2008

defendants' summary judgment motion to proceed. In fact, the issues on which defendants have moved for summary judgment are readily susceptible of resolution at this time.

For example, plaintiff seeks recovery of over $23,000 in alleged business expenses for which plaintiff first sought reimbursement some *nine months after his resignation*. Despite repeated requests, plaintiff has never submitted the detail and backup necessary to enable his former employer-defendant to claim such expenses as tax deductions; rather, he inappropriately and inadequately has submitted only bottom-line numbers and demanded payment. If plaintiff has the requisite documentary proof of these supposed expenses, he should be required to adduce it now, rather than wasting everyone's time and resources on this claim.

In addition, plaintiff seeks recovery under the New York Labor Law of bonuses that he does *not* allege were non-discretionary; and defendants have submitted competent proof that the bonuses were, in fact, discretionary (and thus non-recoverable under the Labor Law). If plaintiff has proof to the contrary, he should be required to produce it now. Moreover, defendants have submitted proof of concrete facts firmly establishing that plaintiff was an independent contractor during a period of time for which he seeks recovery of wages (and thus, again, cannot recover them under the Labor Law). If plaintiff, consistent with the requirements of an oath, can deny those facts, he should be required to do so now. And plaintiff seeks recovery for a pay period for which his W-2's and defendant's payroll records undeniably show payment. Unless plaintiff can produce proof to the contrary, this claim should be dismissed as well. Finally, contemporaneous documentary evidence submitted by defendants shows that one of the bonuses for which plaintiff seeks recovery was awarded much earlier than plaintiff alleges and, accordingly, is barred by the statute of limitations. If plaintiff has no proof to the contrary, this claim should be dismissed.

Given the nature of the issues on which defendants moved for summary judgment, the fact that discovery has not yet taken place is irrelevant because it is not needed. Furthermore, as the Court's order noted in referring to Rule 56(f), Rule 56 provides a procedure for plaintiff to show that discovery is needed. If plaintiff legitimately can claim that he needs discovery to respond adequately to any part of defendants' summary judgment motion, he is required to follow and satisfy Rule 56(f). *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1985). But his counsel's bald and unsworn letter does not meet the requirements of that rule. *See Mendoza v. City of Rome*, 70 F. Supp. 2d 137, 142 (N.D.N.Y. 1999) (unsworn document inadequate: "'The purpose of the affidavit is to ensure that the nonmoving party is evoking the protections of Rule 56(f) in good faith and to afford the trial court the

---

2555 (1986) (internal quotation omitted). It was with these principles in mind that defendants moved for summary judgment on a discrete set of issues that they believed in good faith could be resolved at once, thus simplifying this action.

635216.3

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Honorable Victor Marerro        - 3 -        August 6, 2008

showing necessary to assess the merits of the party's opposition.'") Nor can summary judgment be staved off by counsel's bare assertion that the evidence supporting plaintiff's allegations is in the hands of defendants. *The Players, Inc. v. City of New York*, 371 F. Supp. 2d 522, 530 (S.D.N.Y. 2005).

       For the forgoing reasons, we respectfully submit that defendants' limited summary judgment motion, focusing on a set of discrete issues, would be appropriate and helpful at this time.

Respectfully submitted,

*[signature]*

Lance J. Gotko

cc: Lee F. Bantle, Esq.

---

Request GRANTED. A status conference herein is scheduled for 8-29-08 at 10:45 a.m. to address the matter described above by defendants.

SO ORDERED.

8-6-08
DATE        VICTOR MARRERO, U.S.D.J.

635216.3